UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.S. URMANCHEEV, DETAINEE #A075117610,<br><br>Plaintiff,<br><br>vs.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT HEALTH SERVICES CORPS, et al.,<br><br>Defendants. | Case No.: 22cv0762-CAB (MSB)<br><br>**ORDER:**<br><br>**(1) DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915(e)(2)(B), and**<br><br>**(2) DENYING MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS** |

On May 24, 2022, Plaintiff A.S. Urmancheev, detained at the Otay Mesa Detention Center in San Diego, California, proceeding pro se, filed a civil rights Complaint pursuant to the Administrative Procedures Act ("APA"), the Federal Tort Claims Act ("FTCA"), the Immigration and Naturalization Act ("INA"), the Americans with Disabilities Act ("ADA"), the Fifth Amendment to the United States Constitution, and unspecified provisions of the California Constitution and California Civil Code. (ECF No. 1.) Plaintiff claimed that while detained at Otay Mesa Detention Center, the Defendants, unidentified employees of the United States Department of Homeland Security ("DHS") Immigration and Customs Enforcement Agency ("ICE") and the Immigration and Customs

1

Enforcement Health Services Corps ("IHSC"), denied him medication, prescription eyeglasses and access to a psychiatrist, and retaliated against him for complaining of those deprivations. (*Id.* at 2-4.)

On June 16, 2022, the Court granted Plaintiff leave to proceed in forma pauperis and screened his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that a complaint filed by anyone proceeding in forma pauperis is subject to sua sponte dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." (ECF No. 3 at 2-4, quoting 28 U.S.C. § 1915(e)(2)(B).) The Court found the Complaint failed to state a claim upon which relief may be granted because Plaintiff failed to allege compliance with the administrative exhaustion requirements of the FTCA, APA or INA, failed to identify a non-discretionary INA policy or rule which was violated or applied in an arbitrary manner, failed to identify a qualified ADA disability or allege he was refused an accommodation, and presented only conclusory allegations regarding an Eighth Amendment denial of medical care claim. (*Id*. at 6-8.) The Court declined to exercise supplemental jurisdiction over any state law claims and dismissed the Complaint with leave to amend. (*Id*.)

Plaintiff has now filed a First Amended Complaint ("FAC"). (ECF No. 8.) He identifies the Defendants as ICE, DHS, IHSC, the United States Government and its agencies and employees, and "IHSC Officers Canida, Felix, Johnson, Belde, Felkley, Itturioaga, Jin, Schneider, Astran, Ramsburg et al." (ECF No. 8 at 2-3.) He contends the individual Defendants are employees of the Core Civic Corporation, also known as the Corrections Corporation of America, which operates the Otay Mesa Detention Center under a private contract with ICE. (*Id*.) Plaintiff has also filed a Motion for Leave to Electronically File Documents. (ECF No. 9.)

**I.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

    **A.    Standard of Review**

Plaintiff's FAC is subject to sua sponte dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a

defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.") "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quote marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Allegations in the FAC

The first cause of action in the FAC alleges that: "In May, 2019 defendants deprived plaintiff of psychotropic medications with which he treated his mental illness. Plaintiff had a month-long supply of the medication when he arrived to the immigration jail [the Otay Mesa Detention Center]. The medications were taken away from the plaintiff and denied when he asked for them." (ECF No. 8 at 3.) He alleges that: "In May and June 2019 defendants Canida, Felix, Johnson, Itturioaga, Jin, et al. denied plaintiff access to any medications that could have been used to treat plaintiff's mental illness." (*Id.*)

The second cause of action alleges that: "After an initial assessment by a psychiatrist Defendants Canida, Felix, Johnson, Belde, Felkley, Itturioaga, Jin, Schneider, Astran, Ramsburg et al. intentionally denied plaintiff a follow-up visit for eight months from June 2019 until January 2020. They deliberately misrepresented to plaintiff their inexplicable inability to produce an appointment with [a] psychiatrist. Defendants, intentionally and negligently, periodically deprived plaintiff of the medications prescribed after psychiatric assessment, which were ineffectual. Defendants frequently threatened plaintiff with deprivation of medications and solitary confinement." (*Id*. at 3.) These actions caused his "cognitive abilities to abate" and caused him "debilitating acute emotional distress." (*Id*.)

3

22cv0762-CAB (MSB)

The third cause of action alleges: "Defendants, intentionally and negligently, periodically during the length of three-year incarceration precluded plaintiff from taking pain relieving and psychotropic medications causing him physical pain and mental torment." (*Id*. at 3-4.)  In the fourth cause of action Plaintiff alleges Defendants "withheld from providing prescription glasses to defendant [sic] for two years notwithstanding prescriptions and recommendation by an ophthalmologist and optometrist." (*Id*. at 4.)  "The absence of prescription glasses caused plaintiff eye pain, migraine, mental suffering and negatively affected his legal case." (*Id*.)  Denial of prescription sunglasses worsened his vision and compelled him to remain indoors.  (*Id*.)

Plaintiff's fifth cause of action alleges: "By intentional and reckless neglect, and negligence, of federal, state and local regulations during the Covid-19 pandemic, by intentionally placing the plaintiff with sick and quarantined detainees, defendants caused the plaintiff to contract the Covid-19 twice and get very ill from the disease with long term complications, thus causing him [a] great deal of physical and mental suffering." (*Id*.)  In the sixth cause of action Plaintiff alleges: "Defendants, the officers of IHSC, in violation of the administrative regulations, engaged in falsification of medical records in justification of unfulfilled duties, non-extant patient assessments, reports, clearances, distorted patient appraisals." (*Id*.)

In the seventh cause of action Plaintiff alleges that Defendants "in excess of regulatory authority and their discretionary functions and powers, did issue administrative orders, illegal and punitive in nature, against the plaintiff in retaliation to plaintiff's efforts to appeal their actions and to obtain necessary medical and mental health care. Defendants chilled and discouraged plaintiff from doing so." (*Id*. at 5.)  In the eighth and final cause of action Plaintiff alleges: "Defendants, contrary to prescribed regulations, intentionally, recklessly, negligently understaffed the medical department of the [Otay Mesa Detention Center] without medical doctors and psychiatrist, and thus greatly limited plaintiff in treatment of his physical and mental illness, without which plaintiff was subjected to physical pain and mental anguish." (*Id*.)

1    Plaintiff states he is bringing this action pursuant to the APA, FTCA, the Public
2 Health Act, 42 U.S.C. § 201 et seq., ICE Performance Based National Detention Standards,
3 5 CFR § 4601, the Fifth Amendment to the United States Constitution, the Constitution of
4 California and its Civil Code, and "such Constitutional, Federal and the State of California
5 laws that may be relevant hereto." (*Id*. at 1.)  He seeks declaratory and monetary relief.
6 (*Id*. at 1, 5-6.)

   **C.   Analysis**

   **1.  Federal Constitutional Claims**

   Because Plaintiff is in federal custody and has named federal rather than state actors as Defendants, to the extent the FAC presents federal constitutional claims it is properly construed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), rather than under 42 U.S.C. § 1983.  *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.")  With respect to the individual named Defendants who are employees of a private corporation operating the Otay Mesa Detention Center under a contract with the federal government, any federal constitutional claims are required to be brought against these Defendants, if at all, pursuant to *Bivens*.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

   Prisoner medical care may amount to cruel and unusual punishment in violation of the Eighth Amendment with respect to prisoners and the Fifth Amendment with respect to federal detainees when medical professionals are "deliberately indifferent" to an inmate's "serious" medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018).  However, "[w]here, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . ., the prisoner must seek a remedy under state tort law.  We

cannot simply imply a *Bivens* remedy in such a case." *Minneci v. Pollard*, 565 U.S. 118, 131 (2012). The Ninth Circuit has applied *Pollard* to preclude *Bivens* remedies for Eighth Amendment claims against employees of a private corporation in its capacity of operating a federal detention facility. *See Karboau v. Clark*, 577 Fed.Appx. 678, 679 (9th Cir. 2014) (affirming dismissal of Eighth Amendment claims against individual employees of private corporation contracted to run a federal detention facility because the exclusive remedy is pursuant to state tort law). To the extent Plaintiff could have brought an action for injunctive relief against the federal Defendants, *see e.g. Correctional Services Corp. v. Malesko*, 534 U.S. 61, 74 (2001), Plaintiff indicates he has been released from custody since filing this action (*see* ECF No. 5), and any request for injunctive relief is now moot. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (holding that claims for injunctive relief are moot following release from custody absent a reasonable expectation of return to the facility). Accordingly, the Court sua sponte dismisses Plaintiff's federal constitutional claims for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

### 2. FTCA claim

Although Plaintiff cannot bring a *Bivens* claim based on the alleged denial of medical care, he may be able to bring suit in federal court against the United States under the FTCA with the option of joining the Defendants and requesting the Court exercise supplemental jurisdiction over state tort medical malpractice and negligence claims against them. *See Agyeman*, 390 F.3d at 1103-04 (detainee in federal detention facility run by private corporation could not bring *Bivens* action against corporation or its employees but could have brought a FTCA suit with the option of joining the private corporation as a defendant and requesting the district court exercise supplemental jurisdiction over state tort claims), citing *Malesko*, 534 U.S. at 66 and 28 U.S.C. § 1346(b)(1) (stating that district courts shall have jurisdiction over civil actions against the United States for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the

United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.")

The Court found the original Complaint failed to state an FTCA claim because it did not allege compliance with the FTCA's administrative claim exhaustion requirement. *See Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.") Plaintiff now alleges he has exhausted administrative remedies with IHSC and DHS. (ECF No. 8 at 5.) However, the only individuals alleged to have failed to provide adequate medical care are private employees of Core Civic Corporation, also known as the Corrections Corporation of America, a private corporation which operates the Otay Mesa Detention Center under a contract with ICE. (*Id*. at 2-3.) Although Plaintiff names as a Defendant: "The United States government, its agencies, and employees thereof" (*id*. at 2), there are no allegations in the FAC that any employee of the United States, as opposed to an employee of Core Civic Corporation, was involved in the denial of medical care. *See United States v. Orleans*, 425 U.S. 807, 814 (1976) (the United States is not liable for negligence of an independent contractor or its employees); *Carrillo v. United States*, 5 F.3d 1202, 1304-05 (9th Cir. 1993) (contract medical professionals are independent contractors rather than federal government employees for FTCA claim purposes). In addition, that lack of specific allegations in the FAC regarding which Defendant is alleged to have taken which actions which allegedly deprived Plaintiff of medical care would fail to state a claim even if any Defendant was considered to be a federal actor because the FTCA does not apply to such generalized theories of negligence brought against the employees of an institution as a whole. *See* 28 U.S.C. § 1346(b)(1) (the FTCA applies only to "the negligent or wrongful act or omission of any employee of the United States while acting within the scope of his office or employment.") Accordingly, the Court sua sponte dismisses Plaintiff's FTCA claim for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

### 3. APA claim

The FAC once again fails to state a claim under the APA, which provides that a governmental agency must adhere to non-discretionary agency regulations and internal agency rules. *Alcaraz v. I.N.S.*, 384 F.3d 1150, 1162 (9th Cir. 2004); *see F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009) (holding that it is arbitrary and capricious for an agency to disregard rules or depart from policy *sub silentio*.) Plaintiff has once again failed to identify a non-discretionary agency policy or rule which he alleges was not followed or applied in an arbitrary manner. *See Heckler v. Cheney*, 470 U.S. 821, 832-33 (1985) (the APA does not apply to decisions committed to agency discretion). Accordingly, the Court sua sponte dismisses Plaintiff's APA claims for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

### 4. Remaining federal claims

The FAC claims in a conclusory manner that this action is brought under the Public Health Act, 42 U.S.C. § 201, *et seq.* and ICE Performance Based National Detention Standards, 5 CFR § 4601. (ECF No. 8 at 1.) The FAC fails to state a claim under those provisions because Plaintiff has failed to provide any allegations whatsoever in support of such claims. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not state a claim.)

### 5. State law claims

Finally, the Court may "decline to exercise supplemental jurisdiction" over any supplemental state law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *Sanford v. Member Works, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") Because the Court has dismissed all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims at this time.

Accordingly, the Court sua sponte dismisses all claims in the FAC for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

### D. Leave to Amend

In light of Plaintiff's pro se status, the Court grants a final opportunity to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

## II. Motion for Leave to Electronically File Documents

Plaintiff seeks leave to utilize the Court's Electronic Filing system. (ECF No. 9.) Pursuant to the Southern District of California ECF Policies and Procedures, a pro se litigant may seek leave to file documents electronically by filing a motion demonstrating that the litigant has the means to do so and agrees to be bound by the applicable rules and policies for electronic filing. *See* CASD ECF Policies and Procedures, § 2(b). A pro se litigant must state their equipment and software capabilities and agree to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual. *Id*.

Plaintiff merely states that he "may access the internet, equipment and software which satisfy the requirements installed by the courts." (ECF No. 9 at 1.) Plaintiff has failed to establish that he has a PACER account or that he has a computer with software capabilities to file documents electronically. In addition, he has yet to file a version of his Complaint which survives sua sponte screening. Accordingly, Plaintiff's motion is **DENIED** without prejudice to its renewal at a later stage of these proceedings.

## III. Conclusion and Orders

Good cause appearing, the Court:

1. **DENIES** Plaintiff's Motion for Leave to Electronically File Documents.
2. **DISMISSES** the First Amended Complaint without prejudice and with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3.     **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a Second Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's Second Amended Complaint must be complete by itself without reference to any prior versions of his complaint; Defendants not named and any claims not re-alleged in the Second Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.") If Plaintiff fails to amend within the time provided, the Court will enter a final Order dismissing this civil action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED.**

Dated: December 8, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge