UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.S. URMANCHEEV, DETAINEE #A075117610,<br><br>                    Plaintiff,<br><br>    vs.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT HEALTH SERVICES CORPS, et al.,<br><br>                    Defendants. | Case No.: 22cv0762-CAB (MSB)<br><br>**ORDER:**<br><br>**(1) DISMISSING SECOND AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915(e)(2)(B), and**<br><br>**(2) DENYING MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS** |

On May 24, 2022, Plaintiff A.S. Urmancheev, detained at the Otay Mesa Detention Center ("Otay Mesa") in San Diego, California, at the time of filing but since released from custody, proceeding pro se, filed a civil rights Complaint pursuant to the Administrative Procedures Act ("APA"), the Federal Tort Claims Act ("FTCA"), the Immigration and Naturalization Act ("INA"), the Americans with Disabilities Act ("ADA"), the Fifth Amendment to the United States Constitution, and unspecified provisions of the California Constitution and California Civil Code. (ECF No. 1.) Plaintiff claimed that while detained at Otay Mesa, the Defendants, unidentified employees of the United States Department of

Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") and the Immigration and Customs Enforcement Health Services Corps ("IHSC"), denied him medication, prescription eyeglasses and access to a psychiatrist, and retaliated against him for complaining of those deprivations. (*Id.* at 2-4.)

On June 16, 2022, the Court granted Plaintiff leave to proceed in forma pauperis and screened his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that a complaint filed by anyone proceeding in forma pauperis is subject to sua sponte dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." (ECF No. 3 at 2-4, quoting 28 U.S.C. § 1915(e)(2)(B).) The Court found the Complaint failed to state a claim upon which relief may be granted because Plaintiff failed to allege compliance with the administrative exhaustion requirements of the FTCA, APA or INA, failed to identify a non-discretionary INA policy or rule which was violated or applied in an arbitrary manner, failed to identify a qualified ADA disability or allege he was refused an accommodation, and presented only conclusory allegations regarding an Eighth Amendment denial of medical care claim. (*Id*. at 6-8.) The Court declined to exercise supplemental jurisdiction over any state law claims and dismissed the Complaint with leave to amend. (*Id*.)

On October 6, 2022, Plaintiff filed a First Amended Complaint ("FAC") raising most of the same claims. (ECF No. 8.) He identified the Defendants as ICE, DHS, IHSC, the United States Government and its agencies and employees, and "IHSC Officers Canida, Felix, Johnson, Belde, Felkley, Itturioaga, Jin, Schneider, Astran, Ramsburg et al." (*Id*. at 2-3.) He alleged the individual IHSC Defendants were employees of the Core Civic Corporation, also known as the Corrections Corporation of America ("CCA"), which operates Otay Mesa under a private contract with ICE. (*Id*.)

On December 8, 2022, the Court screened the FAC and dismissed it with leave to amend for failure to state a claim because Plaintiff is unable to bring federal constitutional claims against individual employees of a private corporation contracted to run a federal detention facility, the FTCA claim lacked specific allegations of actions by federal actors,

there were no allegations of a non-discretionary agency policy or rule sufficient to support an APA claim, and the remaining federal statutory claims were conclusory. (ECF No. 10 at 5-8.) Following an extension of time, Plaintiff filed a Second Amended Complaint ("SAC") naming the same Defendants as in the FAC and adding Defendants IHSC officers Cetoute and Bennett, and ICE officers Cordero, Ramirez and Nguyen. (ECF No. 18.) He has also filed a Motion for Leave to Electronically File Documents. (ECF No. 19.)

## I. SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### A. Standard of Review

Plaintiff's FAC is subject to sua sponte dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.") "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quote marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

### B. Allegations in the SAC

The first cause of action alleges: "In May, 2019 defendants, IHSC officers, deprived plaintiff of psychotropic medications with which he treated his mental illness. He had a month-long supply of the medication when he arrived to the immigration jail [Otay Mesa]. The medications were taken from the plaintiff at the jail intake and denied when he asked for them at the visits by ISHC officers Johnson, Jin, Felix, et al.. Defendants Johnson, Jin, Felix at the appointments denied medicaments falsely referring to the agency regulations

contrary to the actual context of the regulations." (ECF No. 18 at 3-4.) "In May and June 2019 defendants, IHSC officers, Canida, Felix, Johnson, Jin, Itturiiaga, et al. at the visits and through grievance process denied plaintiff access to any medications that could have been used to treat plaintiff's mental illness. Defendants denied plaintiff's appeals to obtain the medicaments at the corresponding levels of the grievance process." (*Id*. at 4.)

The second cause of action alleges that: "After an initial assessment by psychiatrist defendants, officers of ISHC, Johnson, Belde, Felkley, Itturiaga, Jin, Schneider, Astran, Ramsburg, Bennett et al. at the appointments and through grievance system intentionally denied plaintiff a follow-up psychiatric appointment for eight months from June 2019 until January 2020, in lieu of one-month follow-up appointment by a psychiatrist at the initial examination. They deliberately misrepresented to plaintiff their inexplicable inability to provide an appointment with psychiatrist. (*Id*.) He alleges that Defendants Johnson, Jin, Felkley, Itturiaga, Felix, Felkley, Belde "at the medical visits and grievance system, intentionally and negligently, periodically deprived plaintiff of the medications prescribed after initial psychiatric assessment." (*Id*.) "Defendants frequently threatened plaintiff with deprivation of medications and solitary confinement. Threats chilled defendant's [sic] participation in appeal process." (*Id*. at 5.) These actions "caused plaintiff's cognitive abilities to abate" and caused him "debilitating acute emotional distress." (*Id*.)

The third cause of action alleges: "Defendants, officers of the agency, Jin, Astran, Canida, Schneider, Felix, intentionally and negligently, periodically precluded plaintiff from taking pain relieving medications, denied him accommodations designed to alleviate such pain, causing him physical pain and mental torment." (*Id*.) "Defendants consistently omitted prescriptions and failed to renew them, thus causing lengthy disruptions in pain management which was necessary for plaintiff's condition." (*Id*.)

In the fourth cause of action Plaintiff alleges: "Defendants, officers of IHSC, Felkley, Jin at the visits, and Schneider, Astran, Canida, Felix, Ramsburg et al. through grievance process withheld from providing prescription glasses to defendant [sic] notwithstanding prescriptions and recommendation by an ophthalmologist and optometrist.

The absence of prescription glasses caused plaintiff eye pain, migraine, mental suffering and negatively affected his legal case." (*Id*.) Plaintiff alleges the denial of prescription sunglasses worsened his vision and compelled him to remain indoors. (*Id*. at 6.)

Plaintiff's fifth cause of action alleges: "Defendants, the officers of IHSC, Johnson, Itturiaga, and medical records employees of the OMDC CCA and contractors of the ICE, in contravention of the administrative regulations provided by the APA and CFR, sections indicated supra, engaged in falsification of medical records in justification of unfulfilled duties: non-extant patient assessments, reports, clearances, distorted patient appraisals." (*Id*.) In the sixth cause of action Plaintiff alleges: "Defendants, in excess of their regulatory authority and their discretionary functions and powers, did issue administrative orders, illegal and punitive in nature, against the plaintiff in retaliation to plaintiff's efforts to appeal their actions and to obtain necessary medical and mental health care. Defendants chilled and discouraged plaintiff from doing so." (*Id*.)

The seventh cause of action alleges: "By intentional and reckless neglect, and negligence, of federal, state and local regulations during the Covid-19 pandemic; by disregarding provisions by Center of Disease Control, California State regulations and municipal instructions and precautions issued in order to contain the spread of disease; and by intentionally placing the plaintiff with sick and quarantined detainees; defendants, the federal employees, officers of IHSC, Kyle Canida, Andrew Felix, Luke Johnson, Robert Belde, Kenneth Felkley, Luis Itturiage, Hyun J. Jin, Barbara Shneider, Melinda Astran et al.; ICE officers Cordero, Ramirez, Nguyen et al.; and employees of the OMDC CCA; caused the plaintiff to contract the Covid-19 twice and get very ill from the disease with the long-term complications; thus causing plaintiff great deal of physical and mental suffering." (*Id*. at 6-7.) He alleges these Defendants "failed to install mandatory rules within the facility as masking, hygiene, safe distance between employees and detainees," and that during the pandemic from March to May 2020 they "deliberately caused overcrowding in plaintiff's block" which caused him to contract Covid-19. (*Id*. at 7.) From December 2021 to April 2022, these Defendants "intentionally and negligently, placed

plaintiff in the block with ill with the Covid-19 detainees, and quarantined detainees, thus exposing plaintiff to second infection and disease, the Covid-19, and lengthy convalescence from it." (*Id.*)

Plaintiff alleges in the eighth cause of action that: "Defendants, ISHC and DHS ICE, contrary to prescribed regulations, intentionally, recklessly, negligently understaffed the medical department of the OMDC without medical doctors and psychiatrist, and thus limited plaintiff in treatment of his physical and mental illness, without which plaintiff was subjected to physical and mental anguish." (*Id.*)  He alleges in the ninth cause of action that Defendants denied him "access to medical specialist appointments of plaintiff's chronic illnesses and diagnostics for chronic and acute pain," which "caused plaintiff great amount of pain and mental suffering." (*Id.* at 8.)

The tenth cause of action alleges: "Defendants, the officers of the ICE, SDO Cordero, SDO Nguyen, DO Ramirez, continuously denied, through grievance process, plaintiff's appeals for medicaments, accommodations, access to professional medical care refused by the IHSC officers and medical employees of the CCA." (*Id.*)  The eleventh and final cause of action alleges: "Upon release, the defendants deprived plaintiff of psychotropic medicament, depravation of which caused plaintiff acute mental disturbance and anguish." (*Id.*)

Plaintiff states he is bringing this action pursuant to the APA, FTCA, the Public Health Act, 42 U.S.C. § 201 *et seq.*, ICE Performance Based National Detention Standards, 5 CFR § 4601, the Fifth Amendment to the United States Constitution, the Constitution of California and its Civil Code, and "such Constitutional, Federal and the State of California laws that may be relevant hereto." (*Id.* at 1-2.)

### C. Analysis

#### 1. Federal Constitutional Claims

Plaintiff alleges he was denied adequate medical care in violation of the Eighth Amendment and retaliated against in violation of the First Amendment.  As noted in the Court's prior orders of dismissal, any federal constitutional claims are properly construed

as brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), rather than under 42 U.S.C. § 1983. *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.") With respect to the individual Defendants who are employees of the private corporation operating Otay Mesa under a contract with the federal government, any federal constitutional claims are required to be brought against these Defendants, if at all, pursuant to *Bivens*. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

"[T]here is no *Bivens* cause of action for [a] First Amendment retaliation claim." *Egbert v. Boule*, 596 U.S. ___,___, 142 S.Ct. 1793, 1807 (2022). Prisoner medical care may amount to cruel and unusual punishment in violation of the Eighth Amendment with respect to prisoners and the Fifth Amendment with respect to federal detainees when medical professionals are "deliberately indifferent" to an inmate's "serious" medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Gordon v. County of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). However, "[w]here, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . ., the prisoner must seek a remedy under state tort law. We cannot simply imply a *Bivens* remedy in such a case." *Minneci v. Pollard*, 565 U.S. 118, 131 (2012). The Ninth Circuit has applied *Pollard* to preclude *Bivens* remedies for Eighth Amendment claims against employees of a private corporation in its capacity of operating a federal detention facility. *See Karboau v. Clark*, 577 Fed.Appx. 678, 679 (9th Cir. 2014) (affirming dismissal of Eighth Amendment claims against individual employees of private corporation contracted to run a federal detention facility because the exclusive remedy is pursuant to state tort law). In the two prior orders of dismissal, the Court informed Plaintiff of this pleading deficiency and once again sua sponte dismisses Plaintiff's federal constitutional claims against the

individual IHSC Defendants employed by CCA for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

With respect to the newly named Defendants Cordero, Ramirez and Nguyen who are alleged to be employed by ICE rather than CCA, Plaintiff may bring a *Bivens* action against a federal employee in their individual capacity for denial of medical care but "must plead more than a merely negligent act by a federal official in order to state a colorable claim under *Bivens*." *O'Neal v. Eu*, 866 F.2d 314, 314 (9th Cir. 1988). He must allege personal participation in the alleged constitutional violation. *Iqbal*, 556 U.S. at 676-77. Plaintiff does not allege the individual ICE Defendants personally participated in the denial of adequate medical care, but alleges it was the private corporation Defendants who denied him adequate medical care and that the individual ICE Defendants denied his subsequent grievances about the denial of medical care. There is no federal constitutional right implicated by the denial of a grievance. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."); *Cummer v. Tilton*, 465 F.App'x 598, 599 (9th Cir. 2012) ("The district court properly dismissed [prisoner's] claims arising from the processing of his inmate grievances because prisoners do not have a separate constitutional entitlement to a specific grievance procedure.") Plaintiff also alleges the individual ICE Defendants failed to implement safety rules designed to prevent the spread of Covid-19 at Otay Mesa. However, there are no allegations the individual ICE Defendants had the authority to do so in the privately-run facility where Plaintiff was confined such that their acts resulted in him contracting Covid-19. *See Iqbal*, 556 U.S. at 678 (a "pleading that offers 'labels and conclusions' or 'a formalistic recitation of the elements of a cause of action'" or "tenders 'naked assertion(s)' devoid of 'further factual enhancement,'" fails to state a plausible claim for relief), quoting *Twombly*, 550 U.S. at 555; *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (a plaintiff must allege he suffered a specific injury from defendant's action and an affirmative link between the injury and the defendant's conduct). To the extent Plaintiff could have brought an action for injunctive relief against the federal Defendants, *see e.g. Correctional Services Corp. v. Malesko*, 534

U.S. 61, 74 (2001), Plaintiff indicates he has been released from custody since filing this action (*see* ECF No. 5), and any request for injunctive relief is now moot. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (holding that claims for injunctive relief are moot following release from custody absent a reasonable expectation of return to the facility).

Accordingly, the Court sua sponte dismisses Plaintiff's federal constitutional claims for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

### 2. FTCA claim

The Court found the original Complaint failed to state an FTCA claim because it did not allege compliance with the FTCA's administrative claim exhaustion requirement. *See Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.") Plaintiff alleged in the FAC that he exhausted administrative remedies with IHSC and DHS. (ECF No. 8 at 5.) In the SAC, however, as noted above, the only individuals alleged to have failed to provide medical care are private employees of a private corporation which operates Otay Mesa under a contract with ICE. Although Plaintiff names as a Defendant: "The United States government, its agencies, and employees thereof" along with three individual ICE employees, as set forth above, and as noted in the Court's prior dismissal orders, there are no allegations in the SAC that any employee of the United States government, as opposed to employees of a private independent contractor operating Otay Mesa, was involved in the alleged denial of medical care. *See United States v. Orleans*, 425 U.S. 807, 814 (1976) (the United States is not liable for negligence of an independent contractor or its employees); *Carrillo v. United States*, 5 F.3d 1202, 1304-05 (9th Cir. 1993) (contract medical professionals are independent contractors rather than federal government employees for FTCA claim purposes). Plaintiff's First Amendment retaliation claim is not actionable under the FTCA. *F.D.I.C. v. Meyer*, 510 U.S. 471, 477-78 (1994) (holding that constitutional tort claims are not actionable under the FTCA); *see also e.g. Parks v. Wren*,

No. 12cv1353-SVW (KES), 2019 WL 4854854, at *8 (C.D.Aug. 6, 2019) ("Plaintiff could not bring an FTCA claim alleging a deprivation of his First Amendment rights via retaliation, because constitutional injuries are not actionable under the FTCA."), citing *Meyer*, 510 U.S. at 478.

Accordingly, the Court sua sponte dismisses Plaintiff's FTCA claim for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

### 3. APA claim

As with the previous versions of Plaintiff's complaint, the SAC once again fails to state a claim under the APA, which provides that a governmental agency must adhere to non-discretionary agency regulations and internal agency rules. *Alcaraz v. I.N.S.*, 384 F.3d 1150, 1162 (9th Cir. 2004); *see F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009) (holding that it is arbitrary and capricious for an agency to disregard rules or depart from policy *sub silentio*.) The SAC alleges in a conclusory fashion that: "Defendants, the officers of IHSC, Johnson, Itturiaga, and medical records employees of the OMDC CCA and contractors of the ICE, in contravention of the administrative regulations provided by the APA and CFR, sections indicated supra, engaged in falsification of medical records in justification of unfulfilled duties: non-extant patient assessments, reports, clearances, distorted patient appraisals." (ECF No. 18 at 6.) Whether under that allegation or the allegation that ICE failed to adequately implement Covid-19 safety protocols, Plaintiff has once again failed to identify a non-discretionary agency policy or rule which he alleges was not followed or applied in an arbitrary manner. *See Heckler v. Cheney*, 470 U.S. 821, 832-33 (1985) (the APA does not apply to decisions committed to agency discretion). In addition, he once again presents vague and conclusory allegations supporting his APA and CFR claims which are insufficient to state a § 1983 claim. *Iqbal*, 556 U.S. at 678.

Accordingly, the Court sua sponte dismisses Plaintiff's APA claims for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112.

### 4. Remaining federal claims

The SAC claims in a conclusory manner, as did the FAC, that this action is brought under the Public Health Act, 42 U.S.C. § 201, *et seq*. and ICE Performance Based National Detention Standards, 5 CFR § 4601. The SAC once again fails to state a claim under those provisions because Plaintiff has once again failed to provide any allegations whatsoever in support of such claims. *See Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not state a claim.)

### 5. State law claims

Finally, the Court may "decline to exercise supplemental jurisdiction" over any supplemental state law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *Sanford v. Member Works, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") Because the Court has dismissed all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims at this time.

## D. Leave to Amend

In the Court's prior Order dismissing the FAC, the Court stated that in light of Plaintiff's pro se status one final opportunity to amend would be granted. (*See* ECF No. 10 at 9, citing *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'"), quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).) Because it is now clear Plaintiff is unable to state a federal claim upon which relief may be granted, the dismissal of the SAC is without further leave to amend but without prejudice to Plaintiff to pursue his state law claims in state court. *See Minneci*, 565 U.S. at 131 ("Where, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal

prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . ., the prisoner must seek a remedy under state tort law.")

## II. Motion for Leave to Electronically File Documents

Plaintiff seeks leave to utilize the Court's Electronic Filing system. (ECF No. 19.) Pursuant to the Southern District of California ECF Policies and Procedures, a pro se litigant may seek leave to file documents electronically by filing a motion demonstrating that the litigant has the means to do so and agrees to be bound by the applicable rules and policies for electronic filing. *See* CASD ECF Policies and Procedures, § 2(b). Because this action is dismissed without further leave to amend, Plaintiff's motion is **DENIED**.

## III. Conclusion and Orders

Good cause appearing, the Court:

1. **DENIES** Plaintiff's Motion for Leave to Electronically File Documents.

2. **DISMISSES** the Second Amended Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without further leave to amend and without prejudice to Plaintiff to pursue his claims in state court.

**IT IS SO ORDERED.**

Dated: June 20, 2023

_____
Hon. Cathy Ann Bencivengo
United States District Judge