UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

A.S. URMANCHEEV,

Plaintiff,

v.

IMMIGRATION AND CUSTOMS
ENFORCEMENT HEALTH SERVICES
CORPS, et al.,

Defendants.

Case No.:  3:22-cv-0762-CAB-MSB

**ORDER VACATING DISMISSAL
AND GRANTING LEAVE TO FILE
THIRD AMENDED COMPLAINT**

[Doc. No. 31]

Before the Court is Plaintiff A.S. Urmancheev and Defendant United States of America's joint motion to vacate this Court's order dismissing Plaintiff's Federal Tort Claims Act claim against the United States.  [Doc. No. 31.]  Plaintiff also moves for an order vacating dismissal of his Bivens claim against the individual federal defendants and granting leave to amend his second amended complaint to add state-law tort claims against the non-federal individual defendants.  [*Id.*]  For the reasons set forth below, the Court **VACATES** the Court's prior order dismissing Plaintiff's second amended complaint without leave to amend and **GRANTS** Plaintiff leave to file a third amended complaint.

## I.   BACKGROUND

On May 24, 2022, Plaintiff, proceeding pro se, filed a complaint against various government entities, along with a motion to proceed *in forma pauperis* ("IFP").  [Doc. Nos.

1

3:22-cv-0762-CAB-MSB

1, 2.] The Court granted Plaintiff's IFP application but dismissed the complaint with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B) based on deficiencies in the identification of proper defendants. [Doc. No. 3.] Plaintiff thereafter filed a first amended complaint, which suffered from substantially the same deficiencies as his initial complaint. [Doc. No. 8.] The Court again dismissed the first amended complaint with leave to amend. [Doc. No. 10.] Following multiple extensions of time, Plaintiff filed a second amended complaint, which similarly failed to cure the previously identified deficiencies. [Doc. No. 18.] Accordingly, on June 20, 2023, the Court dismissed Plaintiff's second amended complaint without further leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B). [Doc. No. 20.]

Plaintiff timely appealed the dismissal of his second amended complaint without further leave to amend. [Doc. No. 21.] On appeal, the Ninth Circuit appointed pro bono counsel for Plaintiff's appeal. [Doc. No. 31 at 8.] The parties subsequently participated in several mediation conferences with a Ninth Circuit mediator and reached an agreement to conditionally settle the appeal; pursuant to that agreement, the parties filed the instant joint motion to vacate. [*Id.*]

## II.    DISCUSSION

"'Rule 60 provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances.'" *Engleson v. Burlington N.R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992) (quoting *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)). The parties jointly move to vacate under Rule 60(b)(5), which permits relief from a final judgment where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). The parties argue that the balances of equities favor vacatur because it "will foster the judicial policy favoring settlement and mediation and prevent the expenditure of judicial and party resources o[n] appeal." [Doc. No. 31 at 10.]

In light of the procedural history of this case, Plaintiff's prior pro se status, his current representation by counsel, and the parties' joint request following appellate mediation, the Court finds it consistent with the interests of justice to vacate the prior order of dismissal and permit Plaintiff another opportunity to amend.

## III.  CONCLUSION

Accordingly, the Court **VACATES** the June 20, 2023 order of dismissal.  The Court **GRANTS** Plaintiff leave to file a third amended complaint within twenty-one days of the date of this order.  Any third amended complaint must cure the deficiencies previously identified by the Court and must comply with the Federal Rules of Civil Procedure.  The amended complaint must be complete and **SHALL NOT** incorporate material from prior complaints by reference.

It is **SO ORDERED**.

Dated:  February 26, 2026

_____

Hon. Cathy Ann Bencivengo
United States District Judge

3:22-cv-0762-CAB-MSB