UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.S. URMANCHEEV,<br><br>                          Plaintiff,<br><br>v.<br><br>IMMIGRATION AND CUSTOMS<br>ENFORCEMENT HEALTH SERVICES<br>CORPS, et al.,<br><br>                          Defendants. | Case No.:  3:22-cv-00762-CAB-MSB<br><br>**ORDER DENYING MOTION TO<br>APPOINT COUNSEL**<br><br>[Doc. No. 38] |

Before the Court is Plaintiff A.S. Urmancheev's motion to appoint counsel.  [Doc. No. 38.]  For the reasons stated below, the motion is **DENIED WITHOUT PREJUDICE**.

## I.    BACKGROUND

On May 24, 2022, Plaintiff, proceeding pro se, filed a complaint against various government entities, along with a motion to proceed *in forma pauperis* ("IFP").  [Doc. Nos. 1, 2.]  The Court granted Plaintiff's IFP application but dismissed the complaint with leave to amend based on deficiencies in the identification of proper defendants.  [Doc. No. 3.]  Plaintiff thereafter filed two amended complaints, [Doc. Nos. 8, 18], and ultimately the Court dismissed Plaintiff's second amended complaint without further leave to amend. [Doc. No. 20.]

Plaintiff timely appealed the dismissal of his second amended complaint without further leave to amend.  [Doc. No. 21.]  After participating in the Ninth Circuit Mediation Program, the parties filed a joint motion to vacate which this Court granted.  [Doc. Nos. 31, 32.]  Having been appointed for the limited purpose of assisting Plaintiff with his appeal, Plaintiff's Counsel filed a motion to withdraw after the Court vacated the dismissal.  [Doc. No. 33.]  The Court granted the motion to withdraw.  [Doc. No. 35.]  Plaintiff now seeks the Court to appoint counsel on the bases that "Plaintiff is disabled by mental illness, lacks the ability to adequately investigate and present claims, has no legal training and because the Ninth Circuit appointed appellate counsel and returned the case to this Court on a joint motion which this Court granted."  [Doc. No. 38 at 1–2.]

## II.    LEGAL STANDARD

"[T]here is no absolute right to counsel in civil proceedings."  *Hedges v. Resol. Tr. Corp.*, 32 F.3d 1360, 1363 (9th Cir. 1994).  However, the Court has discretion to appoint an attorney to represent indigent civil litigants upon a showing of "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  "That a *pro se* litigant may be better served with the assistance of counsel is not the test."  *Okler v. MCC IMU Prison*, No. 3:18-cv-05458-RJB-TLF, 2019 WL 461143, at *1 (W.D. Wash. Feb. 5, 2019).  Instead, the Court "must determine whether a) there is a likelihood of success on the merits; and b) the [litigant] is unable to articulate his claims in light of the complexity of the legal issues involved."  *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014).  Neither factor "is dispositive; rather they must be considered cumulatively."  *Id.*

## III.    DISCUSSION

### a.    Likelihood of Success

Plaintiff has not yet filed his amended complaint.  Given that the Court does not have a complaint to screen, there is no basis upon which the Court can predict Plaintiff's success at trial.  *See Campos v. K.U.S.I. News Media*, No. 3:19-cv-01455-BAS-AGS, 2019 WL 4674290, at *2 (S.D. Cal. Sept. 24, 2019) (denying motion to appoint counsel in part

3:22-cv-00762-CAB-MSB

because it was "simply too soon to tell whether he will be likely to succeed on the merits of any potential constitutional claim").

Although the Ninth Circuit appointed Plaintiff with counsel for the purpose of his appeal and his motion to vacate, the Ninth Circuit made that decision based on his likelihood of success on the appeal. While the Ninth Circuit determined that Plaintiff's appeal presented non-frivolous issues, [Doc. No. 31 at 8], the Circuit did not make an evaluation on the merits of Plaintiff's underlying claim. The Court therefore finds that this factor weighs against the appointment of counsel.

### b.    Plaintiff's Ability to Pursue his Claims

Plaintiff argues that "given [his] disability and the complexity of the issues, Plaintiff cannot adequately proceed without counsel at the district-court level." [Doc. No. 38 at 3.] The Court notes that while Plaintiff does have a documented history of mental illness, Plaintiff is advised that mental illness or disability do not generally amount to exceptional circumstances warranting the appointment of counsel. *See Jones v. Kuppinger*, No. 2:13-cv-0451-WBS-AC, 2015 WL 5522290, at *3 (E.D. Cal. Sept. 17, 2015) ("Circumstances . . . such as a deficient general education, lack of knowledge of the law, mental illness and disability, do not in themselves establish exceptional circumstances warranting appointment of voluntary civil counsel."); *Fletcher v. Quin*, No. 3:15-cv-2156-GPC-NLS, 2018 WL 840174, at *2 (S.D. Cal. Feb. 13, 2018) (impairment must be an "incapacitating mental disability" and be supported by "substantial evidence of incompetence").

Finally, the Court notes that there is also no indication in Plaintiff's motion that he attempted to obtain counsel on a contingency basis. The Court therefore finds that this factor also weighs against the appointment of counsel.

### IV.    CONCLUSION

For the reasons stated above, Plaintiff's motion to appoint counsel, [Doc. No. 38], is **DENIED WITHOUT PREJUDICE**. Plaintiff may renew his request if his situation changes such that he can make the necessary showing that he is both likely to succeed on

the merits of his claims and unable to competently articulate those claims. *Cano*, 739 F.3d at 1218.

It is **SO ORDERED**.

Dated:  April 8, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3:22-cv-00762-CAB-MSB