UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.S. URMANCHEEV,<br><br>                              Plaintiff,<br><br>v.<br><br>IMMIGRATION AND CUSTOMS ENFORCEMENT HEALTH SERVICES CORPS, et al.,<br><br>                              Defendants. | Case No.:  3:22-cv-00762-CAB-MSB<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO ELECTRONICALLY FILE DOCUMENTS**<br><br>**(2) DENYING MOTION TO WAIVE PACER FEES**<br><br>[Doc. No. 40] |

On April 14, 2026, Plaintiff A.S. Urmancheev, proceeding pro se, filed a motion requesting permission to file documents electronically and to waive the fees associated with the Public Access to Court Electronic Records ("PACER") system.  [Doc. No. 40.] For the following reasons, the Court **GRANTS** Plaintiff's motion to file documents electronically and **DENIES** Plaintiff's motion to waive PACER fees.

///

1

## I.   MOTION TO FILE DOCUMENTS ELECTRONICALLY

Generally, "[e]xcept as prescribed by local rule, order, or other procedure, the Court has designated all cases to be assigned to the Electronic Filing System."  S.D. Cal. CivLR 5.4(a).  "A pro se party seeking leave to electronically file documents must file a motion and demonstrate the means to do so properly by stating their equipment and software capabilities in addition to agreeing to follow all rules and policies in the CM/ECF Administrative Policies and Procedures Manual."  Office of the Clerk, United States District Court for the Southern District of California, Electronic Case Filing Administrative Policies and Procedures Manual, § 2(b) (2026).

The Court finds that Plaintiff has agreed to follow the rules regarding electronic filing and has adequately demonstrated that he has the requisite hardware, software, and technical capabilities to electronically file documents.  [*See* Doc. No. 40 at 1–2.] Accordingly, the Court **GRANTS** Plaintiff leave to file documents electronically.  Plaintiff **SHALL REGISTER** as a user with the Clerk's Office and as a subscriber to PACER per Section 2(b) of the Electronic Case Filing Administrative Policies and Procedures Manual.

## II.   MOTION TO WAIVE PACER FEES

"Indigent individuals, litigants and other people who cannot afford to pay PACER fees can request PACER fee exemptions from individual courts, upon a showing of cause." Options to Access Records if You Cannot Afford PACER Fees, Pub. Access to Ct. Electronic Recs., https://pacer.uscourts.gov/my-account-billing/billing/options-access-records-if-you-cannot-afford-pacer-fees.  "A court will grant an exemption upon finding that the requesting party has demonstrated that an exemption is necessary to avoid unreasonable burdens and to promote public access to information." *Id.*

3:22-cv-00762-CAB-MSB

Plaintiff currently has IFP status,[1] and he seeks an exemption from PACER fees. [Doc. No. 40 at 1.]  In his motion, Plaintiff states that he is "an indigent pro se litigant" but provides no other information about his current financial situation.  [*Id.*]

"Exemptions from PACER user fees are uncommon[,]" and IFP status "alone does not support a request to waive PACER fees." *Katumbusi v. Gary*, No. 2:14-CV-1534, 2014 WL 5698816, at *4 (E.D. Cal. Oct. 30, 2014).  Further, a plaintiff is entitled to one free electronic copy of all documents filed electronically in his case.  *Luehring v. Los Angeles Cnty.*, No. 2:21-CV-01426, 2021 WL 4533275, at *2 (C.D. Cal. Aug. 4, 2021).  For these reasons and based on the current record, the Court cannot find that Plaintiff has "been subject to an unreasonable burden in being charged fees," or that he has "justified the need for a waiver of PACER fees at this time." *See Halousek v. Cal. Pub. Empls.' Ret. Sys.*, No. 2:23-CV-839, 2024 WL 3012348, at *2 (E.D. Cal. June 11, 2024).  Accordingly, the Court **DENIES** Plaintiff's motion for waiver of PACER fees.

It is **SO ORDERED**.

Dated:  April 28, 2026

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] The Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP") when he filed his initial Complaint. [Doc. No. 3 at 9.] Plaintiff appealed the Court's dismissal of his Second Amended Complaint without leave to amend, and the Ninth Circuit remanded the case for the limited purpose of determining whether Plaintiff could keep his IFP status for his appeal.  [Doc. No. 24.] On remand, the Court revoked Plaintiff's IFP status. [Doc. No. 25 at 3.] After participating in the Ninth Circuit Mediation Program, the Circuit restored Plaintiff's IFP status. [Doc. No. 31 at 9.]